BROWNING, J.
Appellants request reversal of the JCC’s determination that Appellee’s temporo-mandibular joint (TMJ) condition caused an eight percent impairment, because such determination is not supported by competent substantial evidence. We agree and reverse; because reversal moots Appellants’ remaining argument, we refrain from addressing it.
Appellee’s TMJ impairment must be proved by expert medical opinion; all of Appellee’s evidence adduced in support of her impairment rating, resulting from her TMJ, came from Dr. Monteleone. Dr. Monteleone gave his deposition on October 8, 2001, and opined that Appellee, at that time, had a “permanent injury” of eight percent, but further opined that the splint therapy he was recommending for Appel-lee’s treatment could cause a reduction in Appellee’s impairment rating to “maybe *357 less than five” percent. Significantly, when addressing Appellee’s TMJ, he stated that “[i]f she underwent the splint therapy, then we’d have to examine her again to see where she is.” Appellee underwent splint therapy, but Dr. Monteleone’s deposition was not updated before the final hearing on January 21, 2004. The doctor did fill out a report relating to maximum medical improvement (MMI) that designated “N/A” in a blank space labeled “percentage of permanent impairment to body as a whole” and followed by a symbol. This report and Dr. Monteleone’s deposition were presented to the JCC to support Appellee’s impairment rating of eight percent from her TMJ. Such evidence does not constitute competent substantial evidence to support an eight percent impairment rating for Appellee.
Appellee has the burden to prove by competent substantial evidence the extent of her TMJ impairment from her condition after she reaches MMI. See Minton-Sun, Inc. v. Hills, 563 So.2d 162, 164 (Fla. 1st DCA 1990). Here, Appellee fails to do so; her impairment rating before undergoing splint therapy does not support an impairment rating after the treatment. Cf. Delgado v. Omni Hotel, 643 So.2d 1185, 1186 (Fla. 1st DCA 1994) (holding that a “finding of MMI is precluded where treatment is being rendered with a reasonable expectation that it will bring about some degree of recovery, even if that treatment ultimately proves ineffective”) (citation omitted). It was Appellee’s burden to prove by competent substantial evidence her impairment after splint therapy; Appellee failed to do so.
REVERSED and REMANDED.
ALLEN and DAVIS, JJ, Concur.